

# THE ATTORNEY GENERAL
## OF TEXAS
### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

May 20, 1947

Honorable L. S. Johnson, Commissioner
Department of Banking
Austin 14, Texas

Opinion No. V-209

Re: Eligibility of warrant
indebtedness of the
Bowie County Vocation-
al School for exemp-
tion from the loan
limit of State banks
in accordance with
Article 342-507, V.C.S.

Dear Sir:

We quote the final paragraph of your request
for an opinion as follows:

"In order to determine whether the
warrant indebtedness of the Bowie County
Vocational School is eligible as an ex-
ception to the loan limit permitted to
state banks under the provisions of Sub-
section 6, Article 7, Chapter 5, Texas
Banking Code, we, therefore, request your
opinion as to whether such indebtedness as
created by officials of the Bowie County
Vocational School, under the authority of
the Bowie County Board of Education, is a
legally created municipal obligation. We
should also like your opinion as to wheth-
er the indebtedness, whose repayment ap-
parently is restricted to receipts of tui-
tion fees from the Administrator of Veter-
ans Affairs, can be considered a general
obligation as contemplated by Paragraph 6,
Article 7, Chapter 5, Texas Banking Code."

Your final paragraph is preceded by a general
statement descriptive of the manner in which your ques-
tion arises, a description of the nature of the finan-
cial activities of the Bowie County Vocational School,

and references to discussions contained in letters attached to your request from the State Bank of DeKalb and the Executive Director, State Board for Vocational Education.

The Texas Banking Code of 1943 was enacted as House Bill 79, Chapter 97, Acts of the 48th Legislature, Regular Session, 1943, page 127. Your reference is to Subdivision 6, of Article 7, Chapter 5, of that Act, which is published as Subdivision 6 of Article 342-507 of Vernon's Civil Statutes. The pertinent provisions of Article 342-507 provide:

> "No state bank shall permit any person or any corporation to become indebted or in any other way liable to it in an amount in excess of twenty-five per cent (25%) of its capital and certified surplus. The phrase 'indebted or in any other way liable' shall be construed to include liability as partner or otherwise. The above limitations shall not apply to the following classes of indebtedness or liability:
>
> ". . .
>
> "6. Bonds and other legally created general obligations of the State of Texas or of any county, city, municipality or political subdivision thereof and indebtedness of the United States of America, the Reconstruction Finance Corporation, or other instrumentality or agency of the United States Government."

Reference is made to Opinions Nos. O-6867 and V-51, copies of which are attached hereto, holding in effect that the State Board for Vocational Education and local boards of school trustees have requisite authority to sponsor and administer the schools designated and contemplated by the G. I. Bill, and incidentally to administer the financial phases of such activities. However, we find no authority authorizing the pledging of the credit of either a local school district or school agency, or the credit of the State, or of the United States Government, or an agency thereof, and attention is called to the discussion in the attached opinions indicating that the operation of the program

shall not in any wise involve the credit of either the State or of a local subdivision of the State School System.

Under the contract of the Bowie County Vocational School for 1946-1947, a copy of which is attached to your request, the sole income of the Vocational School is from stipulated payments of a stated amount per student.  That contract, taken together with legislation enacted by the State of Texas and the Congress, providing moneys to be disbursed according to such arrangements as made by the State Board for Vocational Education and the Veterans' Administration appears to be the only commitment of either the State or the National Government.  That such a plan for financing the school has no direct relationship to the warrants which may be issued by the Vocational School authorities is obvious.  Section 7 of Article 342-507, V. C. S., which immediately follows Section 6, above quoted, provides:

"Any portion of any indebtedness which the United States Government, the Reconstruction Finance Corporation, or any other agency or instrumentality of the United States Government, has unconditionally agreed to purchase or has unconditionally guaranteed as to payment of both principal and interest." (Emphasis supplied).

Reading subdivisions 6 and 7 together, we believe that similar standards should apply to the obligations under subdivision 6 as under subdivision 7.  It is manifest that the local school officials have neither the means nor the authority to definitely commit themselves, the State, or the National Government, to the payment of the warrants of the school.  The contract of the Bowie County Vocational School contemplates payments based upon the number of approved courses given to properly certified veterans.  The meeting of the expenses of the Vocational School depends entirely upon the proper financial management of the school within such expected revenues.

In view of the indefinite provision for meeting such expenses, we do not believe that the obligations evidenced by the warrants are of a nature contemplated by Section 6.  The language "bonds and other legally created general obligations" indicates to our minds

a type of obligation of greater dignity and conclusive-
ness as to validity and amount. We believe that the
statute contemplates securities, the validity and face
value of which are not debatable and which have been
duly and formally issued, creating an absolute liabili-
ty for the amount stipulated, and based upon a formal
act of an agency legally authorized to incur the in-
debtedness, fully acknowledging the specific debt. We
conclude then that the warrant indebtedness of the
Bowie County Vocational School and indebtedness simi-
larly created by other Vocational Schools under a pro-
gram set up under the G. I. Bill are not eligible as
exemptions from the loan limit of State banks under
Article 342-507, V. C. S.

### SUMMARY

The warrant indebtedness of the
Bowie County Vocational School and in-
debtedness similarly created by other
Vocational Schools under a program set
up under the G. I. Bill are not eligi-
ble as exemptions from the loan limit
of State banks under Article 342-507,
V. C. S.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By　　　_Ned McDaniel_
　　　　　Ned McDaniel
　　　　　Assistant.

APPROVED MAY 21, 1947

_Price Daniel_
ATTORNEY GENERAL

NMc/JMc/erc